UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TONNY JASON BAUER | CIVIL ACTION |
| VERSUS | NO. 22-306 |
| JOSEPH LOPINTO | SECTION "R" (2) |

## REPORT AND RECOMMENDATION

Petitioner Tonny Jason Bauer filed this petition for habeas corpus relief on the form reserved for the filing of petitions by convicted state defendants pursuant to 28 U.S.C. § 2254.[1] The matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.

The record reflects that Bauer is not being held under state court judgment of conviction for purposes of relief under § 2254. Rather, Bauer is a pretrial detainee seeking dismissal of the charges against him because of alleged speedy trial and other constitutional violations.[2] For this reason, his petition must be addressed under 28 U.S.C. § 2241(c)(3), which "empowers district courts to issue the writ, *inter alia*, before a judgment is rendered in a criminal proceeding."[3]

### I.   Factual and Procedural History

Bauer was charged with carjacking and misdemeanor resisting an officer in Jefferson Parish Case Nos. 20-2779 and 20-3319, respectively.[4] On June 23, 2020, Bauer initially entered

---

[1] ECF No. 3.
[2] *Id.* ¶1(a), at 1; *id.*, ¶5, at 1; ECF No. 8, at 1.
[3] *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 503-04 (1973).
[4] State Record (hereinafter "St. R.") Vol. 1, at 15, Bill of Information, 20-2779, 6/22/20; St. R. Vol. 2, at 133, Bill of Information, 20-3319, 6/22/20.

pleas of not guilty in each case.[5] At the request of his appointed counsel, Bauer later was evaluated for and found to be competent to proceed and assist his counsel at trial in both cases.[6]

On October 14, 2021, Bauer's appointed counsel advised the state trial court that he would be filing a motion regarding Bauer's competency at the time of the offenses.[7] Though no motion appears in either case record provided, on February 10, 2022, Bauer entered pleas of not guilty and not guilty by reason of insanity in each case.[8]

Sanity hearings were scheduled. On May 19, 2021, Bauer was found competent to stand trial in both cases.[9] Another sanity hearing was scheduled and continued to June 9, 2022.[10] This court has confirmed that, on August 10, 2022, Bauer again was found competent to proceed to trial in both cases. Trial is now set in both cases for February 6, 2023.[11]

## II. Federal Habeas Petition

On February 18, 2022, after correction of certain deficiencies, the clerk of court filed Bauer's federal habeas petition in which he asserts the following grounds for relief:[12]

(1) (a) his confession and Detective Lassus's investigation and policing were in violation of his Fourteenth Amendment rights; (b) the identification was suggestive; (c) his signature was forged on the waiver of rights documents; (d) he was visually impaired which caused him to disobey the officers leading to the resisting an officer charge; and (e) the police department has it out for him because of his girlfriend's prior relationship with another officer;
(2) he has been denied his Sixth Amendment right to a speedy trial because of delayed competency proceedings;
(3) he has been denied access to exculpatory evidence by the prosecution and Detective Lassus; and,

---

[5] St. R. Vol. 1, at 18, Minute Entry, 20-2779, 6/23/20; St. R. Vol. 2 of 2, at 135, Minute Entry, 20-3319, 6/23/20.
[6] St. R. Vol. 1, at 53, Minute Entry, 20-2779, 5/19/21; *id.*, at 44, Request for Sanity Commission, 3/26/21; *id.*, Trial Court Order, 3/30/21; St. R. Vol. 2, at 72, Minute Entry, 20-3319,; Vol. 2, at 156, Minute Entry, 20-3319, 5/19/21.
[7] St. R. Vol. 1, at 62, Minute Entry, 20-2779, 10/14/21; St. R. Vol. 2, at 165, Minute Entry, 20-3319, 10/14/21.
[8] St. R. Vol. 1, at 78, Minute Entry, 20-2779, 2/10/22; St. R. Vol. 2, at 172, Minute Entry, 20-3319, 2/10/22.
[9] St. R. Vol. 1, at 53, Minute Entry, 20-2779, 5/19/2021; St. R. Vol. 2, at 156, Minute Entry, 2-3319, 5/19/2021.
[10] St. R. Vol. 1, at 78, Minute Entry, 20-2779, 2/10/22; St. R. Vol. 2, at 172, Minute Entry, 20-3319, 2/10/22.
[11] On December 12, 2022, a member of my staff contacted the criminal clerk in the 24th Judicial District Court Clerk of Court's office to obtain the current status of Bauer's cases and these relevant dates.
[12] ECF No. 3.

>   (4) Detective Lassus lied during depositions about the distances and times involved in the cases.

As relief, Bauer seeks to have all charges dropped, reinstatement of full custody over his minor daughter, and return of his home and belongings without threat of being stalked or harassed.[13]

The State filed an opposition to Bauer's petition asserting that Bauer failed to exhaust state court review of his claims.[14] In addition, the State contends that the petition should be dismissed as premature for purposes § 2254 because Bauer has not yet been convicted.[15] The State argues that the court should abstain from review of the petition because it seeks dismissal of the charges.[16]

Bauer replied to the State's opposition arguing that his failure to exhaust should be excused because he will not receive a favorable response in state court.[17] He also claims that he wrote to the Louisiana Fifth Circuit Court of Appeal and the Louisiana Supreme Court and he did not hear back from either court. He also asserts that he filed a motion for bond reduction but his lawyer asked the state trial court to dismiss it. He also has filed a civil rights suit challenging the sale of his home and belongings by prosecutors as the result of an estate case before the same state court judge.[18] He further argues that, because he has been found competent and sane, the time limitations to take him to trial have passed and the charges against him should be quashed.[19]

### III. Subject Matter Jurisdiction Under § 2241

A petition brought under § 2241 may be granted if the inmate "is in custody in violation of the Constitution or laws . . . of the United States."[20] A petitioner must be in custody at the time

---

[13] *Id*. ¶18, at 14.
[14] ECF No. 8, at 4.
[15] *Id*. at 5.
[16] *Id*. at 6-8.
[17] ECF No. 9, at 2.
[18] *Id*. at 3-5. Bauer cites to Civil Action No. 22-267"S"(5) (E.D. La), which is a § 1983 case based on retaliation tied to alleged false charges of child abuse brought against him in a different St. Tammany Parish criminal case.
[19] ECF No. 10.
[20] 28 U.S.C. § 2241(c)(3).

the petition is filed for the state criminal matter under attack.[21]  A pretrial petitioner who has not yet been tried for the offense in question has a right, albeit limited, to invoke federal habeas relief under § 2241.[22]  The scope of the limited review turns on the type of relief sought.[23]  A petitioner is generally not permitted to disrupt "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" absent "special circumstances."[24]  However, "an attempt to force the state to go to trial" may proceed but only following exhaustion of state remedies.[25]

## IV.  Discussion

Bauer's custody awaiting trial on the pending Jefferson Parish criminal charges is not challenged in this case.  The court therefore has subject matter jurisdiction and may address his claims if Bauer has exhausted available state court remedies and seeks pretrial relief that can be provided by a federal court under § 2241.

### A.  Improper Federal Habeas Relief Sought

As discussed by the State, and Bauer himself, Bauer seeks dismissal of the charges against him, and other collateral injunctive relief, because of the passage of time to bring him to a speedy trial.  However, the quashing and/or dismissal of the charges is not an available remedy for a speedy trial challenge in federal habeas under § 2241.

As will be discussed in more detail later in this report, federal habeas corpus relief is not available "to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial."[26]  Instead, a state

---

[21] *Lackawanna Cnty. Dist. Atty. v. Coss*, 532 U.S. 394, 400-01 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).
[22] *Braden*, 410 U.S. at 488-89.
[23] *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).
[24] *Braden*, 410 U.S. at 489, 493.
[25] *Brown*, 530 F.2d at 1282-83.
[26] *Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987) (quoting *Braden*, 410 U.S. at 489-92; citing *Brown*, 530 F.2d at 1283).

detainee may raise a speedy trial claim under § 2241 only to force the State to bring him speedily to trial, not to dismiss the charges.[27] Bauer has not requested an order for the State to take him to trial. He has requested dismissal of the charges and damages. He therefore fails to seek the type of relief available to him under § 2241. His petition may be dismissed for this reason.

### B. Failure to Exhaust

While there is no express exhaustion requirement in § 2241, a federal court should not exercise its habeas jurisdiction if the issues raised in a petition can be resolved on the merits in the state courts or by some other state procedures available to the petitioner.[28] The exhaustion doctrine is applied to § 2241 as a matter of comity and is based on federalism grounds to protect the state courts' opportunity to confront and initially address any constitutional issues arising within their jurisdiction and to limit federal interference in the state adjudicatory process.[29]

The exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to through each level of the state courts, including the state's highest court, in a procedurally proper manner.[30] To have exhausted review in the state courts, Bauer must have fairly presented all of the same federal claims and legal theories he urges in this federal court to the state courts through the Louisiana Supreme Court. The record contains no indication that Bauer has moved in any state court to dismiss or quash the charges against him based on any ground asserted in his complaint in a procedurally proper manner. In fact, the Louisiana Supreme Court denied Bauer's lone writ application for that same reason on November 22, 2022, stating:

> Writ application not considered - Petitioner has not demonstrated that he sought review in the court(s) below before filing in this Court nor shown the "extraordinary

---

[27] *Brown*, 530 F.2d at 1283 (citing *Braden*, 410 U.S. at 484).
[28] *Dickerson*, 816 F.2d at 225; *Edge v. Stalder*, 83 F. App'x 648, 2003 WL 22976091, at *1 (5th Cir. 2003); *Greer v. St. Tammany Parish Jail*, 693 F. Supp. 502, 508 (E.D. La. 1988); *see also Braden*, 410 U.S. at 489-92.
[29] *Dickerson*, 816 F.2d at 225.
[30] *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

circumstances" that would justify bypassing that level of review. La.S.Ct.R. X § 5(b).[31]

Bauer's alleged efforts to file grievances and complaints with various internal affairs offices also do not equate to state court exhaustion.

For these reasons, Bauer has not exhausted state court review of his speedy trial and other constitutional challenges to his ongoing prosecutions. His claims can be dismissed for this reason. Even if a court were to find that Bauer has exhausted, or seeks to overlook that requirement, for the reasons that follow, he is not entitled to the relief he seeks and the court should otherwise abstain from addressing his pretrial claims.

### C.  Abstention

In a § 2241 action, the exhaustion requirement may be obviated only when "special circumstances" exist.[32] A federal court should not interfere in pending state court criminal proceedings absent special circumstances that involve the threat of "irreparable injury" that is "both great and immediate."[33] "Special circumstances" are those on which a "federal court cannot await a final ruling by [a] state court[ ], because the integrity of a federal right is threatened."[34] "Three sets of circumstances typically qualify as 'special': (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised."[35]

---

[31] *State v. Bauer*, No. 2022-KH-01377, 2022 WL 17101478, at *1 (La. 11/22/22).
[32] *Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 489); *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1974).
[33] *Younger v. Harris*, 401 U.S. 37, 46 (1971).
[34] *Vassar-El v. Orleans Par. Prison*, No. 18-838, 2018 WL 4462544, at *2 (E.D. La. Sept. 18, 2018); *see Champer v. Florida*, No. 14-1966, 2014 WL 7070079, at *2 (M.D. Fla. Dec. 15, 2014) (citing *Younger*, 401 U.S. at 37 for the proposition that "special circumstances" under § 2241 usually require a showing of "immediate and irreparable injury").
[35] *Vassar-El*, 2018 WL 4462544, at *2.

However, "special circumstances are not necessarily established by the alleged infallibility of the federal claim."[36]  Thus, even if a petitioner is correct regarding the viability of his defenses in the state criminal action, special circumstances are not present where the "threat to the [petitioner's] federally protected rights can be eliminated by the defense of a single criminal prosecution" in state court because the state court is "surely capable of recognizing and vindicating [the petitioner's] position."[37]  In other words, if the state processes can provide an adequate remedy, no special circumstance exists for federal intervention under § 2241.

For these reasons, where a petitioner's state criminal charges are still pending, the Federal Anti-Injunction Act, 28 U.S.C. § 2283, prohibits a federal court from enjoining state criminal proceedings except where expressly authorized by Congress or where necessary in aid of this Court's jurisdiction, and neither of these exceptions apply to the present case.[38]  Likewise, under the *Younger* doctrine, a federal court must abstain when "'(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'"[39]

Under the first *Younger* factor, the pleadings and records reflect that the criminal proceedings against Bauer are ongoing and pending in Jefferson Parish.  This factor favors abstention.

---

[36] *Tooten*, 493 F.2d at 177.
[37] *Id*.
[38] *See Younger*, 401 U.S. at 41 & 53-54; *see also Walck v. Edmondson*, 472 F.3d 1227 (10th Cir. 2007); *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999).
[39] *Walck*, 472 F.3d at 1233 (quoting *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Second, the State of Louisiana most certainly has available means for review of any pretrial rulings by the state trial court.[40] As discussed above, Bauer has not exhausted state court review of any of his pretrial claims and there is nothing to indicate that he has moved to dismiss or quash the charges in the state trial court to prompt higher court review. Nevertheless, the State of Louisiana has an available process for pretrial review of any denial of his speedy trial rights and other constitutional challenges to the propriety of his prosecution. He may also preserve these challenges for appeal after trial, should he be convicted in the pending case. This factor also favors abstention.

Finally, under the third *Younger* factor, the criminal proceedings against Bauer clearly involve matters of state criminal law and the State's interests in correcting criminal behavior occurring within its borders. The prosecution will rely on state statutory and evidentiary rules to prosecute in an attempt to prove the charges against Bauer. This factor also favors abstention.

In sum, each of the *Younger* considerations favor abstention at this time. Bauer has shown no basis for this Court to interfere with the ongoing state criminal proceedings in Jefferson Parish. Comity justifies this federal court's abstention from adjudicating Bauer's affirmative defenses (such as prosecutorial misconduct, perjury, or malicious prosecution) to the pending state criminal charges prior to the state courts' entry of a final judgment of conviction.[41]

While "extraordinary circumstances" may justify intervention for speedy trial grounds, there is no reason to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."[42] In Bauer's case, his substantive challenges

---

[40] *See* La. S. Ct. Rule X, §§ 1-8; *see also* La. App. Rule 4.
[41] *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981); *see also Calihan v. Superior Court*, 158 F. App'x 807, 2005 WL 3397360, at *1 (9th Cir. Dec. 12, 2005) (principles of comity and federalism require the federal courts to abstain from addressing speedy trial challenges which do not fall into one of these exceptions.)
[42] *See Braden*, 410 U.S. at 488-89 & 493. In *Braden*, the specific remedy sought was for the State of Kentucky to set a prompt trial date as required by the speedy trial requirements of the Constitution.

to his pending criminal charges "may be remedied by [a] decision on the merits [by the state courts,] so that the right is not irreparably lost if review is postponed until final judgment is rendered on the merits."[43] To the extent Bauer's uses phrases like retaliation and misconduct, each of his claims address defenses which can be raised in state court and resolved at trial. There is nothing in the record to prompt the court's interference with the ongoing processes.

Thus, Bauer is not entitled to pretrial review by this federal habeas court without exhaustion, and he certainly has not established his entitlement to have this court excuse his failure to exhaust and interfere with the on-going state court proceedings.[44] Bauer failed to establish any exception to the abstention doctrine which would warrant interference with his on-going criminal proceeding by means of dismissal of the charges against him. He is not entitled to federal habeas review under § 2241 at this time.

### D. Summary

Bauer seeks relief from this court that is unavailable to a pretrial habeas petitioner under § 2241. He also has not exhausted state court review of his speedy trial and other constitutional challenges to his ongoing prosecutions. Even if a court were to find exhaustion, the court should abstain from interfering in the ongoing state criminal proceeding at this time. For these reasons, his petition must be dismissed without prejudice to his ability to pursue his claims in the proper forum.

### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Tonny Jason Bauer's petition for habeas corpus relief considered under 28 U.S.C. § 2241 be **DISMISSED WITHOUT**

---

[43] *Atkins*, 644 F.2d at 546.
[44] *Id*. at 546-47; *see also Hill v. Michigan*, No. 07-cv-271, 2007 WL 1893911, at *1-2 (W.D. Mich. July 2, 2007) (citing *Atkins*, the district court found "no exceptional circumstances" existed to justify consideration of a pretrial petition where the petitioner sought to have the federal habeas court dismiss a criminal charge brought against him).

**PREJUDICE** for seeking unavailable relief, for failure to exhaust, and because the court otherwise abstains from considering his claims at this time.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[45]

New Orleans, Louisiana, this 14th day of December, 2022.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[45] *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.